# Kaskey, Appellant, *v.* Agricultural Insurance Company.

*Insurance—Fire insurance—Reduction of amount on account of loss—Cancellation of policy—Refund of premium—Business custom.*

The defendant insurance company issued to plaintiff its policy upon the standard Pennsylvania form for protection against loss by fire. Plaintiff suffered a partial loss and, upon payment thereof, the amount of insurance in force was reduced accordingly. Subsequently the plaintiff surrendered his policy for cancellation, in accordance with its terms, and requested return of the unearned premium, based upon the rate originally paid for the full amount of the policy as originally written. Defendant tendered refund based upon the premium rate applicable to the amount of insurance in force at the time of the cancellation of the policy, and averred that the plaintiff knew that such payment was in accordance with the practice of insurance companies. Plaintiff moved for judgment for want of a sufficient affidavit of defense. *Held,* Judgment for want of a sufficient affidavit of defense was properly

refused. Since the amount for which the policy was effective had been reduced the surrender clause was applicable to the rate of insurance in force, and it would not be error to permit the defendant to show that the plaintiff knew it was the practice of insurance companies to settle for policies returned for cancellation after a partial loss on the basis of the reduced risk.

KELLER and GAWTHROP, JJ., dissent.

Argued October 3, 1922. Appeal, No. 36, Oct. T., 1922, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1920, No. 7692, discharging rule for judgment for want of a sufficient affidavit of defense in the case of David Kaskey v. Agricultural Insurance Company of Watertown, N. Y. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover unearned premium on insurance policy. Before MARTIN, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule for judgment for want of a sufficient affidavit of defense. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Arthur S. Arnold,* for appellant.—The provisions of an insurance policy are not to be construed as those of a voluntary contract, but as the requirements of a positive statute: O'Neill et al. v. American Fire Insurance Company, 166 Pa. 72; Scheel v. German American Insurance Co., 228 Pa. 44.

Customs must not be contrary to law or to express and clear terms of the contract: Silliman v. Whitmer & Sons, 11 Pa. Superior Ct. 243; Weld v. Barker et al., 153 Pa. 465; Dempsey v. Dobson, 184 Pa. 588.

*Benjamin H. Ludlow,* and with him *Humbert B. Powell,* of *Powell, Ludlow & Schaeffer,* for appellee.—The appellee has the right to assert a custom, which, while it

interprets the statute, does not seek to annul its full force and effect: Helme v. Philadelphia Life Insurance Co., 61 Pa. 107.

Unless excluded by the terms of the contract, a usage or custom, known to the parties is as much an integral part of the transaction to which it relates as if written therein: First National Bank v. Fiske, 133 Pa. 241; Carter v. Phila. Coal Co., 77 Pa. 286.

OPINION BY HENDERSON, J., March 2, 1923:

On the 19th of February, 1920, the defendant company issued a policy of fire insurance for $15,000 on a building in the City of Philadelphia; the term of the policy being five years from the date thereof, for which the plaintiff paid a premium of $828. On the 20th of July of the same year a fire occurred resulting in a loss to the insured which was adjusted with the company and the sum of $8,244.12 was paid to him on the 23d of September, 1920, by the delivery of a draft on a trust company for that amount. Endorsed on the back of the draft and signed by the insured was the following: "In consideration of the sum hereby paid, all claims and demands whatsoever against the Agricultural Insurance Company of Watertown, N. Y., by reason of the within mentioned claim for loss and damage are satisfied, compromised and discharged and the insurance is cancelled or reduced as set forth on the face of the draft." The face of the draft, after stating the amount of the loss paid, contains the following: "And said policy is reduced in like amount." It is this statement to which reference is made in the receipt and endorsement above quoted. On the 20th of September, 1920, the plaintiff surrendered his policy for cancellation and demanded the sum of $622.40 as unearned premium. This the defendant company refused to pay, but offered the plaintiff $372.64, the amount of unearned premium which it admitted to be due, based on the amount of insurance remaining on the property after the adjustment of the loss by the fire. The policy

was surrendered for cancellation in accordance with the provision therein "this policy shall be cancelled at any time at the request of the insured; in which case the company shall, upon demand and surrender of this policy, refund the excess of paid premium above customary short rates for the expired term." This the appellant contends is applicable whether a fire occurs or not and whether the loss is total or not. There is thus presented for our consideration the proper construction of the language above quoted as applied to the facts recited. It is clear that the holder of a standard policy may take advantage of the permission to surrender his policy and be entitled to a return of a proportionate part of the premium paid where the policy is still in force according to its terms when issued; but it does not follow that this is the case where there has been a destruction of the property and the indemnity agreed on has been paid. The policy issued to the plaintiff had not the same legal effect after the fire and the payment to the insured for his loss which it had when it was delivered. The thing insured had ceased to exist, at least it was so injured as to have entitled the holder to the payment of more than half the whole amount of the risk. The policy did not apply therefore to what had been burned. It was a contract of indemnity and would continue in force through the term for which it was written if the subject remained on which it could operate, but if that were destroyed, the right of the plaintiff was to have compensation to the extent contracted for if the loss equalled that amount. When the indemnity was paid, the contract was executed to the extent which the loss paid bore to the whole amount of the risk, and if the loss had been total, payment by the insurance company of the amount of the policy would have been a performance of its undertaking. The premium paid was the consideration on which the company assumed the risk for the term. The rate was lower for the long period than for a short one. The insured had the benefit of the lower rate and

the insurance company assumed the risk of a loss many times in excess of the compensation received. What remained to the insured if he had retained his policy was the right to receive the balance of the amount due on the policy if a loss subsequently occurred. It is not contended by the appellant that after the payment to him the insurance liability was greater than the diminished amount of the whole risk. That was the policy which was in force therefore after the fire. It was the only thing he had to surrender and it was the contract of insurance on which the surrender clause in the policy operated when the surrender was tendered. The surrender clause, we think, has no broader operation than this. It was inserted in contemplation of the continuance of conditions as they existed at the time the policy was issued, but these conditions changed; the condition of the property changed, the liability of the company changed, and the contract as it existed after the receipt by the insured of the payment made to him was different in its legal effect from what it was when it was issued. No reason has been suggested why the parties to a contract of insurance may not agree on a reduction in the amount of the risk, and that was the effect of the acceptance by the insured of the draft containing a stipulation that the policy was reduced to an amount equal to the difference between the loss paid and the original amount stated in the policy. Whether we regard the amount of the policy as automatically reduced by the fire or by agreement of· the parties, the result is the same. The contention of the appellant would require all insurance companies using the standard policy to return to the insured after a loss all the premium paid except the short rate charged for the period from the date of the policy to the time of the loss, and this would apply as well to a total as a partial loss. This view could only be supported by a construction of the surrender clause which makes it applicable to all policies irrespective of contingencies subsequently arising which

modify the legal effect of the contract, which contingencies the parties necessarily had in contemplation when the policy was issued. Such a conclusion is not demanded by the terms of the policy, and would work an inequitable result.

If we are correct thus far, the court would not be in error in holding that the defendant might show that at the time the policy was issued, the plaintiff knew it was the practice of insurance companies to settle for policies returned for cancellation after a partial loss on the basis of a reduced risk.

The judgment is affirmed.


DISSENTING OPINION BY KELLER, J.:

The policy in suit was in the standard form prescribed by the Act of June 8, 1915, P. L. 919. No other form would have been lawful or permissible. The terms of the policy were purposely fixed by law and could not be changed or modified by any custom of insurance companies to the contrary; and an affidavit of defense which attempted to do so would set up an illegal and insufficient defense.

The policy provided: "This policy shall be cancelled at any time at the request of the insured; in which case the company shall, upon demand and surrender of this policy, refund the excess or paid premium above the customary short rates for the expired time." This is a clear and definite statement, fixing the surrender or cancellation value of the policy at any and all times. There are no exceptions to it, whether a fire occurs or not. All that the plaintiff asks is that it be enforced.

The clause in use prior to the Act of 1915 was different. It was as follows: "This policy shall be cancelled at any time at the request of the insured; or by the company by giving five days' notice of such cancellation. If this policy shall be cancelled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on

surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is cancelled by this company by giving notice it shall retain only the pro rata premium."

It was probably to avoid all controversy as to just what the unearned portion of the premium was, that the Act of 1915 changed this clause of the policy and used language that is clear, definite and unambiguous.

There is nothing inherently unjust or inequitable in the new method prescribed by law for fixing the cancellation value of the policy. On the contrary it is eminently fair and reasonable. The insurance company would have insured this appellant's property for seven months in the sum of $15,000, and paid any loss by fire occurring during that period, for just exactly the amount which the appellant offers, and the policy allows, on cancellation at the end of the seven months, viz: the short rate on $15,000 for seven months. The "short rate" is not a proportionate rate; e. g., the rate for seven months is three-fourths of that charged for a year. In the face of a clear provision in the law to the contrary, why should the company be paid more for insuring appellant's property for the first seven months of an original term of five years, than it would have received if it had issued its policy for only seven months in the first instance? Under the ruling of the majority of the court, the insurance company is permitted to charge this insured the short rate of premium on $6,755.88 for seven months and the regular rate on $8,244.12 for five years, although the policy remained in force only seven months; and this, in the very teeth of the provision of the Act of 1915. In other words, although appellant cancelled his policy at the end of seven months, he must pay full rates for five years on $8,244.12 out of the $15,000, notwithstanding he had protection for only seven months; and he pays for this seven months' protection four times— [a five-year policy is issued for the amount of four annual premiums]—what he would have paid for the same pro-

tection had he taken out a policy for only one year.  The
policy does not so provide; and no custom inaugurated
by insurance companies contrary to the terms of the
policy prescribed by statute can be invoked to set aside
its provisions.

In my judgment the affidavit was wholly insufficient
and judgment should have been entered for the plaintiff
for $662.40, the premium less the short rate to the date
of cancellation.

Judge GAWTHROP joins in this dissent.